UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLWOODS COMMUNITY, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6080** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON, et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court are two motions filed by Defendants Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company (collectively "Defendants"): (1) a Motion to Opt-Out of the Streamlined Settlement Program[1] and (2) a Motion to Compel Arbitration and Stay Proceedings.[2] This litigation arises out of an insurance contract between Plaintiffs Willwoods Community, Will Woods V, Will Woods VII, Will Woods VIII, Pontchartrain Housing Corp. I, Pontchartrain Housing Corp. II, Pontchartrain Housing Corp. III, and Walmsley Housing Corporation (collectively "Plaintiffs") and Defendants. Defendants argue that this controversy should be submitted to arbitration.[3] Further, Defendants seek to stay the litigation pending the completion of arbitration.[4] For this same reason, Defendants also seek to opt-out of this Court's Streamlined

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 10.

[3] *Id.*

[4] *Id.*

Settlement Program applicable to Hurricane Ida cases.[5] Plaintiffs have not filed an opposition to either motion. Considering the motions, the record, and the applicable law, the Court grants both motions and stays this litigation pending arbitration.

## I. Background

This suit arises from a commercial property insurance claim made by Plaintiffs based on damages sustained due to Hurricane Ida on August 29, 2021.[6] At the time of the loss, Plaintiffs' properties were insured by Defendants under a surplus lines commercial property insurance policy bearing Account No. 812888 ("the Policy").[7] The Policy includes an arbitration agreement mandating that "[a]ll matters in difference" between the Insured and the Insurers "in relation to this insurance" be submitted to arbitration ("the Arbitration Agreement").[8] On August 26, 2023, Plaintiffs filed a Petition for Indemnity Pursuant to Breach of Insurance Contract in the 24th Judicial District Court for the Parish of Jefferson.[9] On October 13, 2023, Defendants removed the case to this Court.[10]

On October 17, 2023, Defendants filed the instant Motion to Opt-Out of the Streamlined Settlement Program.[11] On November 1, 2023, Defendants filed the instant Motion to Compel Arbitration and Stay Proceedings.[12] Pursuant to Local Rule 7.5, any opposition to the motion to

---

[5] Rec. Doc. 9.

[6] Rec. Doc. 10-1 at 2.

[7] *Id.*

[8] *Id.* at 3.

[9] Rec. Doc. 5-2.

[10] Rec. Doc. 5.

[11] Rec. Doc. 9.

[12] Rec. Doc. 10.

opt-out was due on November 7, 2023, and any opposition to the motion to compel arbitration was due on or before November 21, 2023. Plaintiffs have not filed an opposition in the allotted time, as such, the motions will be deemed unopposed.

## II. Defendants' Arguments in Support of the Motions

Defendants argue that the arbitration agreement falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") because it arises out of a commercial relationship, and it is not entirely between citizens of the United States.[13] Thus, Defendants argue that this Court should refer all claims asserted by Plaintiffs to the arbitration process as provided for in the arbitration agreement.[14] Alternatively, Defendants contend that the arbitration agreement is enforceable under the Federal Arbitration Act ("FAA") because the Policy is a contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract, including the refusal to perform the whole or any part of the contract.[15] Defendants further assert that the broad delegation clause mandates the arbitration tribunal determine all issues, including the agreement's validity and scope.[16] Defendants submit that this litigation must be stayed pending arbitration pursuant to the Convention and the FAA.[17] For this same reason, Defendants also seek to opt-out of this Court's Streamlined Settlement Program applicable to Hurricane Ida cases.[18]

---

[13] Rec. Doc. 10-1 at 3.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 17.

[17] *Id.* at 19.

[18] Rec. Doc. 9.

### III. Law and Analysis

In 1958, the United Nations Economic and Social Council adopted the Convention.[19] In 1970, the United States acceded to the treaty (the "Convention Act"), which was subsequently implemented by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*[20] Article II(1) of the Convention requires contracting states, including the United States, to recognize certain written arbitration agreements. It states:

> Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

Section 201 of the FAA provides that the Convention shall be enforced in United States courts.[21] The Supreme Court has stated that "[t]he goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[22]

The Convention Act provides that "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States."[23] In applying the Convention, the Fifth

---

[19] *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1262 (11th Cir. 2011).

[20] *Id.*

[21] 9 U.S.C. § 201 ("The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter.").

[22] *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

[23] 9 U.S.C. § 206.

Circuit has held that "courts conduct only a very limited inquiry."[24] Under this inquiry, a court should compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen.[25] Once these requirements are met, the Convention requires the district court to order arbitration, "unless it finds that the said agreement is null and void, inoperative or incapable of being performed."[26]

As a general matter, arbitration provisions in insurance contracts are void under Louisiana law.[27] "The McCarran-Ferguson Act permits states to reverse-preempt an otherwise applicable 'Act of Congress' by enacting their own regulations of the insurance industry."[28] However, the McCarran-Ferguson Act does not apply to "a treaty, such as the Convention, which 'remains an international agreement or contract negotiated by the Executive Branch and ratified by the Senate, not by Congress.'"[29] Therefore, the Convention Act is not reverse-preempted by state law, and arbitration provisions that fall under the Convention Act are enforceable in Louisiana.[30]

Plaintiffs have not opposed the pending motions, and therefore, they do not contest that the requirements for compelling arbitration under the Convention are satisfied. The validity of the arbitration agreement is undisputed. The Policy includes an arbitration agreement mandating that

---

[24] *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004).

[25] *Id.*

[26] *Id.*

[27] *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431 (5th Cir. 2019).

[28] *Id.*

[29] *Id.* at 432 (quoting *Safety Nat. Cas, Corp. v. Certain Underwriters at Lloyd's London*, 587 F.3d 714, 723 (5th Cir. 2009)).

[30] *Id.*

"[a]ll matters in difference" between the Insured and the Insurers "in relation to this insurance including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal…"[31] Valid arbitration agreements must be rigorously enforced.[32] As such, the Court finds that the arbitration agreement falls under the scope of the Convention, and this Court is required to order arbitration.

Defendants also seek to stay litigation pending the completion of arbitration. "[I]f the issues in a case are within the reach of that [arbitration] agreement, the district court has no discretion under section 3 to deny the stay."[33] As such, this Court is required to stay these proceedings pending the completion of arbitration. For these same reasons, the Court also grants the Motion to Opt-Out of the Streamlined Settlement Program. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Opt-Out of the Streamlined Settlement Program[34] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Arbitration and Stay the Proceedings[35] is **GRANTED**.

---

[31] Rec. Doc. 10-2 at 38.

[32] *Perry v. Thomas,* 482 U.S. 483, 490, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987) (citation omitted).

[33] *Texaco Expl. & Prod. Co. v. AmClyde Engineered Prod. Co.*, 243 F.3d 906, 909 (5th Cir. 2001) (citing *Hornbeck Offshore Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754 (5th Cir. 1993)).

[34] Rec. Doc. 9.

[35] Rec. Doc. 10.

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending arbitration.

**NEW ORLEANS, LOUISIANA**, this  1st  day of December, 2023.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**